## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-3443 DSF(JC) | Date | January 25, 2016 |
|---|---|---|---|
| Title | Daryll Van Snowden v. Stephen A. Cazares, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| none | none |

**Proceedings:**         (IN CHAMBERS)

### ORDER TO SHOW CAUSE RE DISMISSAL

On May 18, 2012, Daryll Van Snowden ("plaintiff"), who is at liberty and has been granted leave to proceed *in forma pauperis*, filed a *pro se* civil rights complaint ("Original Complaint") pursuant to, *inter alia*, Bivens v. Six Unknown Named Agents ("Bivens"), 403 U.S. 388 (1971),[1] 42 U.S.C. § 1983 ("Section 1983"); and 42 U.S.C. § 1985(3) ("Section 1985") against (1) Assistant United States Attorney ("AUSA") Stephen A. Cazares; (2) AUSA Ellyn Marcus Lindsay; and (3) Federal Bureau of Investigation ("FBI") agent Adam Storer (collectively "defendants"). Plaintiff sued defendants based on alleged constitutional violations committed in connection with the investigation and prosecution of plaintiff on federal charges of mail fraud, sale of unregistered securities, and conspiracy ("Criminal Case"). (Original Complaint at 3).

On August 21, 2015, this Court issued an order ("August Order"), which advised plaintiff of multiple deficiencies in the Original Complaint, dismissed certain claims in the Original Complaint and granted plaintiff leave to file a First Amended Complaint.

On September 2, 2015, plaintiff filed a First Amended Complaint against the same defendants, which essentially alleged that defendants conspired to violate plaintiff's constitutional rights in connection with the Criminal Case by fabricating incriminating evidence against plaintiff before probable cause to arrest plaintiff existed, and later suppressing exculpatory evidence, suborning perjury, and presenting false evidence to indict and convict plaintiff. Plaintiff sued the defendants in their individual capacities only, and sought injunctive and monetary relief.

---

[1] In Bivens, the United States Supreme Court established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts. . . ." Butz v. Economou, 438 U.S. 478, 486 (1978).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-3443 DSF(JC) | Date | January 25, 2016 |
|---|---|---|---|
| Title | Daryll Van Snowden v. Stephen A. Cazares, et al. | | |

On December 15, 2015, this Court issued an order ("December Order"), which advised plaintiff of multiple deficiencies in the First Amended Complaint, dismissed the First Amended Complaint, and granted plaintiff leave to file a Second Amended Complaint by not later than **January 4, 2016**. The December Order expressly cautioned plaintiff that the failure timely to file a Second Amended Complaint may result in the dismissal of this action with or without prejudice on the grounds set forth in the December Order and/or for failure diligently to prosecute. To date, although the foregoing deadline has expired, plaintiff has failed to file a Second Amended Complaint.[2]

IT IS ORDERED that the plaintiff shall show good cause in writing, on or before **February 8, 2016**, why this action should not be dismissed based upon the deficiencies identified in the December Order and/or upon plaintiff's failure to prosecute.

**Plaintiff is cautioned that the failure timely to comply with this order and/or to show good cause, may result in the dismissal of this action based upon the deficiencies identified in the December Order, plaintiff's failure to prosecute this action and/or plaintiff's failure to comply with the Court's order.**

IT IS SO ORDERED.

---

[2] On January 4, 2016, plaintiff improperly sent an email to the Court's Chamber's email address requesting that he be afforded "a few more days" to "amend the complaint." Such email was the subject of a discrepancy notice and was not filed.