UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYLL VAN SNOWDEN,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>STEPHEN A. CAZARES, et al.,<br><br>　　　　　　　Defendants. | Case No. CV 12-3443 DSF(JC)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I.　BACKGROUND

On May 18, 2012, Daryll Van Snowden ("plaintiff"), who is at liberty and has been granted leave to proceed *in forma pauperis*, filed a *pro se* civil rights complaint ("Original Complaint") pursuant to, *inter alia*, Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), 42 U.S.C. § 1983, and 42 U.S.C. § 1985(3) against (1) Assistant United States Attorney ("AUSA") Stephen A. Cazares; (2) AUSA Ellyn Marcus Lindsay; and (3) Federal Bureau of Investigation ("FBI") agent Adam Storer (collectively "defendants"). Plaintiff sued defendants based on alleged constitutional violations committed in connection with the investigation and prosecution of plaintiff on federal charges of which he was acquitted. ("Criminal Case"). (Original Complaint at 3.)

On August 21, 2015, the assigned United States Magistrate Judge ("Magistrate Judge") screened the Original Complaint, notified plaintiff of multiple deficiencies therein, dismissed claims in the Original Complaint, and granted plaintiff leave to file a First Amended Complaint ("First Dismissal Order"). (Docket No. 42.)

On September 2, 2015, plaintiff filed a First Amended Complaint ("First Amended Complaint" or "FAC") which essentially alleged that the same defendants conspired to violate plaintiff's constitutional rights in connection with the Criminal Case by fabricating incriminating evidence against plaintiff before probable cause to arrest plaintiff existed, and later suppressing exculpatory evidence, suborning perjury, and presenting false evidence to indict and convict plaintiff.  Plaintiff also alleged that defendant Cazares issued defamatory press releases to the media.  The First Amended Complaint sued the defendants in their individual capacities only, and sought injunctive and monetary relief.  (FAC ¶¶ 49-54.)

On December 15, 2015, the Magistrate Judge screened the First Amended Complaint, notified plaintiff of multiple deficiencies therein, dismissed the First Amended Complaint, and granted plaintiff leave to file a Second Amended Complaint ("Second Dismissal Order").  (Docket No. 69.)

On February 8, 2016, plaintiff filed a Second Amended Complaint ("Second Amended Complaint" or "SAC") against the same defendants which, very liberally construed, appeared to assert the same constitutional violations in connection with the Criminal Case predicated on much of the same underlying factual allegations as plaintiff raised in the First Amended Complaint, but did so in a much lengthier and even more convoluted manner than either of plaintiff's prior pleadings.  The Second Amended Complaint requested monetary damages as well as "emergency" injunctive relief, namely that the Court (1) issue an Order compelling the U.S. Department of Justice and the FBI to issue a "corrective press release" and to state

on their web sites that plaintiff was never a fugitive, was acquitted of all charges, and is now seeking redress; and (2) convey to a "special grand jury" a proposed "criminal information" embedded in the Second Amended Complaint. (SAC ¶¶ 51-56.) Plaintiff again sued the defendants in their individual capacities only. (SAC at 2.)

On September 8, 2016, the Magistrate Judge screened the Second Amended Complaint, notified plaintiff of the multiple pleading deficiencies therein, and dismissed the Second Amended Complaint with leave to amend ("Third Dismissal Order"). (Docket No. 79.) More specifically, the Third Dismissal Order explained that the Second Amended Complaint was deficient essentially because (1) it asserted most of the same constitutional violations as those raised in the First Amended Complaint which, as the Second Dismissal Order explained in detail, were insufficient to state any viable Bivens claim; and (2) the Second Amended Complaint was almost three times longer and dramatically more prolix than its predecessor (*i.e.*, it contained approximately 68 pages and 240 paragraphs and sub-paragraphs of allegations), but never plausibly connected any identifiable event or incident to any specific legal claim against any particular defendant, and thus failed to provide fair notice to any individual defendant of plaintiff's claims against him or her or the particular factual basis for any such claims. The Magistrate Judge granted plaintiff leave to "file a Third Amended Complaint within fourteen (14) days, *i.e.*, **by September 22, 2016**" to the extent plaintiff was able to cure the pleading defects set forth in the Third Dismissal Order. (Docket No. 79 at 12) (emphasis in original). The Third Dismissal Order also provided the following warning:

> **Plaintiff is cautioned that, absent further order of the Court, plaintiff's failure timely to file a Third Amended Complaint may result in the dismissal of this action with or without prejudice due to, among other things, the grounds set**

**forth [in the Third Dismissal Order], failure diligently to prosecute, and/or failure to comply with the Court's Orders.**

(Docket No. 79 at 12) (emphasis in original).

Plaintiff has not filed a Third Amended Complaint or properly requested an extension of time to do so.[1]

## II. DISCUSSION

Based upon the record and the applicable law, and as further discussed below, the Court dismisses this action due to plaintiff's failure to state a claim upon which relief can be granted, his failure to comply with the Third Dismissal Order directing him timely to file a Third Amended Complaint if he intended to pursue this action, and his failure to prosecute.

First, the Court has reviewed the First, Second and Third Dismissal Orders, (collectively "Prior Dismissal Orders"), agrees with and adopts the Prior Dismissal Orders, and finds that the Magistrate Judge properly dismissed the referenced claims, pleadings and defendants with leave to amend for the reasons discussed therein.

Second, as explained in the Third Dismissal Order, allegations in the Second Amended Complaint are woefully insufficient to state a plausible claim for relief against any specific defendant. The Third Dismissal Order – much like its

---

[1]On September 22, 2016, plaintiff (who is at liberty) sent an e-mail to the Court with an attached document entitled "Declaration in Support For [sic] Time to Amend the Complaint," in which plaintiff stated: "Do [sic] to unexpected extreme hardship I did not have access to a working computer with internet access to research the law referenced by the Court and to amend the complaint and need a few more days." (See Docket No. 80.) The email and attached document were returned to plaintiff without filing because (a) plaintiff has not been granted leave of Court to file any document via e-mail; and (b) no proof of service was attached to the specific document. (Docket No. 80.) Plaintiff has been advised on multiple occasions that his emailing of documents to the Court does not constitute the filing thereof and that he is not permitted to file documents via e-mail. (See Docket Nos. 21, 28, 45, 51, 70, 77.) Even so, since the deadline for plaintiff to file a Third Amended Complaint expired over a week ago, plaintiff has effectively been given more than the "few [] days" he requested to file an amended complaint, but has still failed to do so.

predecessors – explained in detail what plaintiff needed to do to cure the deficiencies in his pleading, granted plaintiff ample leave to file an amended complaint to the extent he was able to cure the multiple pleading deficiencies identified, and warned plaintiff that the action would be dismissed if he failed timely to file such an amendment.  Since plaintiff has so far filed three seriously deficient versions of a complaint based on essentially the same factual allegations, and did not file an amended complaint despite being given yet another opportunity to do so, the Court can only conclude that plaintiff is simply unable or unwilling to draft a complaint that states viable claims for relief.  See, e.g., Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.") (emphasis in original), cert. denied, 135 S. Ct. 57 (2014).  Accordingly, dismissal of the instant action based upon plaintiff's repeated failure to state a claim is appropriate.

      Third, dismissal is appropriate based upon plaintiff's failure to comply with the Third Dismissal Order and the failure to prosecute.  It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute.  See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

///

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).[2] Here, as at least the first three factors strongly support dismissal, the Court finds that plaintiff's unreasonable failure to prosecute his case and failure to comply with the Third Dismissal Order warrant dismissal.

**III. ORDER**

IT IS THEREFORE ORDERED that this action is dismissed.

DATED: 10/12/16

HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

---

[2] Where a plaintiff is proceeding *pro se*, a court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). In addition, where a magistrate judge originally dismissed the complaint with leave to amend, the district judge must review that decision before dismissing the entire action. See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action."). A district judge may not dismiss an action for failure to comply with a court order (*e.g.*, the magistrate judge's order to file an amended pleading) or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.). Here, as noted above, plaintiff has been notified of the deficiencies in his pleadings and afforded the opportunity to amend effectively, and the Court has reviewed and agrees with the magistrate judge's Prior Dismissal Orders.